Matter of Ruggiero (2024 NY Slip Op 04394)

Matter of Ruggiero

2024 NY Slip Op 04394

Decided on September 11, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2023-08592

[*1]In the Matter of Daniel G. Ruggiero, admitted as Daniel Goldsmith Ruggiero, an attorney and counselor-at-law. (Attorney Registration No. 4454088)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 10, 2007, under the name Daniel Goldsmith Ruggiero. By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Judicial Court of the Commonwealth of Massachusetts dated March 15, 2023.

Courtny Osterling, Acting Chief Counsel, Brooklyn, NY (Lisa M. McCabe of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Daniel G. Ruggiero, Parkland, Florida, respondent pro se.

PER CURIAM.

OPINION & ORDER
By order of the Supreme Judicial Court of the Commonwealth of Massachusetts dated March 15, 2023, the respondent was suspended from the practice of law for a period of one year and one day, commencing April 14, 2023, inter alia, for his participation in a scheme with nonlawyers to charge and collect illegal and excessive fees from 15 clients who were homeowners in Massachusetts and Rhode Island seeking mortgage assistance relief work.
Massachusetts Disciplinary Proceeding 
The respondent was admitted to the Massachusetts Bar on December 1, 2006, and the Rhode Island Bar on January 1, 2007. He resided and worked mostly in Florida but maintained an appointment-only office in Massachusetts. In March 2021, the respondent was charged in Massachusetts with two counts of violating the disciplinary rules of Massachusetts and Rhode Island. Count 1 charged the respondent for his conduct in handling 14 unnamed Massachusetts and Rhode Island client matters during 2017 and 2018. Count 2 charged the respondent for his conduct involving one Rhode Island client, Lisa McConaghy.
In 2017, the respondent entered into a relationship with two companies, NVA Financial Services (hereinafter NVA) and ND Processing (hereinafter ND), both of which were owned and operated by nonlawyers, to handle loan modifications. NVA would conduct marketing and client intake. After obtaining basic information from the potential clients, NVA would send potential clients a fee agreement and notify the respondent that he had a new assignment. After payment of an initial retainer, the file would be transferred to ND. ND thereafter would create the loan modification package to negotiate with the lender. As part of the fee agreement with NVA, clients were required to pay an initial fee of $1,250, which represented a fee for "negotiating a loss mitigation solution." After the initial fee, the client would pay a recurring monthly fee of $900 for [*2]continued services, which would be charged regardless of whether work was done on the matter for that month. These fee agreements required the client to enter into an account servicing agreement with Reliant Account Management (hereinafter RAM), which authorized RAM to automatically debit the monthly fee from the client's checking account.
The respondent entered into an unsigned agreement with ND, which specified that ND would be responsible for processing loan modification requests. As part of his agreement with ND, the respondent would pay ND $75 upon the submission of a loan modification package and $75 per month thereafter. As part of his agreement with NVA, the respondent would pay NVA 90% of the gross amounts collected from the mortgage loan modification clients that NVA referred to him.
In 2017 and 2018, NVA assigned the respondent 15 loan modification matters from clients facing foreclosure in Massachusetts and Rhode Island. One such matter involved McConaghy, a Rhode Island school teacher and part-time employee at Walmart and Home Depot who had defaulted on her mortgage loan. McConaghy informed NVA that she already had three prior loan modifications and did not want to spend money on another modification attempt if there was no likelihood of success. NVA assured McConaghy that it could assist her with a loan modification and assigned her matter to the respondent. Shortly thereafter, McConaghy entered into the fee agreement described above. By November 27, 2017, RAM withdrew the entirety of the initial fee of $1,250 from McConaghy's checking account, with 90% of the fee paid to NVA and 10% paid to the respondent. Even though the initial fee was paid, no work was done on McConaghy's matter until December 5, 2017, after McConaghy contacted NVA to complain that her lender was calling her repeatedly. Thereafter, an ND employee determined that a modification of McConaghy's loan would be unlikely, and learned from the lender that it had designated the loan as "continuous default only option is reinstatement or liquidation [sic]," and that foreclosure proceedings had begun. The ND employee was told by a supervisor to submit the loan modification package to the lender anyway. The respondent failed to review McConaghy's application, failed to respond to inquiries from employees at ND regarding McConaghy's matter, and failed to inform McConaghy what ND had learned from the lender or of ND's decision to submit a loan modification package anyway.
On January 22, 2018, ND learned that McConaghy's lender denied the loan modification request and that the foreclosure sale was scheduled for March 9, 2018. On the same day, the respondent, at the direction of ND, contacted McConaghy for the first time to inform her of such, recommended that she file for bankruptcy, and stated that he could represent her in the bankruptcy case for an additional $400. McConaghy was charged another $900 on January 26, 2018, despite NVA agreeing to suspend billing given the circumstances. The withdrawal resulted in a negative account balance. Thereafter, McConaghy filed a grievance complaint against the respondent.
A hearing was held before a hearing committee over the course of five days in November and December 2021, and a decision was issued on May 17, 2022. The respondent appealed the hearing committee's decision to the Massachusetts Board of Bar Overseers (hereinafter the Board), which adopted most of the hearing committee's decision. Thereafter, the Board filed an information and record of proceedings before the Massachusetts Supreme Judicial Court on December 12, 2022, and a hearing was held on March 2, 2023.
By order dated March 15, 2023, the Massachusetts Supreme Judicial Court determined that the respondent violated Massachusetts Rules of Professional Conduct rules 1.5(a) (seeking excessive or illegal fees); 5.3(b) (failing to supervise the conduct of nonlawyer agents) and (c) (ratifying misconduct perpetuated by nonlawyer agents); 5.4(a) (sharing fees with a nonlawyer); 7.1 (a) (making false or misleading communications about the lawyer's services); 7.5(a) (using a firm name or letterhead to violate rule 7.1) and (d) (stating or implying that the lawyer works in a partnership or other organization when they do not); and 8.4(a) (violating or attempting to violate the rules of professional conduct) and (c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The Court also determined that the respondent violated Rhode Island Rules of Professional Conduct rules 1.1 (competent representation of a client); 1.4(a) (prompt communication with the client regarding decisions that require informed consent) and (b) (reasonable explanation of matter to client necessary to permit client to make informed decisions); 5.3(b) (failing to supervise the conduct of nonlawyer agents) and (c) (ratifying misconduct perpetuated by nonlawyer agents); 5.4(a) (sharing fees with a nonlawyer); and 8.4(a) (violating or attempting to violate the rules of professional conduct) and (c) (engaging in conduct involving dishonesty, fraud, [*3]deceit, or misrepresentation). The Court adopted the Board's rejection of the evidence in mitigation submitted by the respondent and the Board's conclusion that aggravating factors included the respondent's lack of candor, his decade of experience as an attorney, the harm caused to his clients, and the violation of numerous disciplinary rules. The respondent was suspended from the practice of law for a period of one year and one day, commencing April 14, 2023.
New York Disciplinary Proceeding 
By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Massachusetts Supreme Judicial Court dated March 15, 2023.
In a response dated November 9, 2023, the respondent respectfully requests that this Court impose identical discipline and that the suspension be made retroactive to the effective date of his Massachusetts suspension. The respondent further states that his practice has been shut down since 2020 due to him dealing with a very advanced stage of colon and liver cancer. While currently in remission, he is dealing with complications from his medical treatments and has future surgeries planned into 2024.
In response, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts states that the respondent fails to raise any defenses enumerated in 22 NYCRR 1240.13(b) and that upon information and belief, he failed to notify the Grievance Committee and this Court of the Massachusetts discipline, as required by 22 NYCRR 1240.13(d).
Findings and Conclusion 
Based on the misconduct underlying the discipline imposed by the order of the Massachusetts Supreme Judicial Court dated March 15, 2023, including the respondent's misconduct and mitigating circumstances, we find that the imposition of reciprocal discipline is warranted and conclude that the respondent should be suspended from the practice of law for a period of one year.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the respondent, Daniel G. Ruggiero, admitted as Daniel Goldsmith Ruggiero, is suspended from the practice of law for a period of one year, commencing October 11, 2024, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 11, 2025. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Daniel G. Ruggiero, admitted as Daniel Goldsmith Ruggiero, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. ); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Daniel G. Ruggiero, admitted as Daniel Goldsmith Ruggiero, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Daniel G. Ruggiero, admitted as Daniel Goldsmith Ruggiero, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court